IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MOLLY ABRAHAM,

    Plaintiff,

v.                                          Case No. 15-cv-1116

BOARD OF REGENTS OF THE UNIVERSITY
OF WISCONSIN SYSTEM,
et al.,

    Defendants.

## JOINT RULE 26(f)(1) REPORT AND DISCOVERY PLAN

Plaintiff, by and through her attorney, Brenda Lewison of the Law Office of Arthur Heitzer, and Defendants Board of Regents of the University of Wisconsin and Defendants Kuiper, Weslow, Bradbury, Venugopalan, and Britz, by and through their attorneys, Attorney General Brad Schimel, and Assistant Attorneys General Anne Bensky and Mpoli N. Simwanza-Johnson of the Wisconsin Department of Justice, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, jointly submit this Joint Rule 26(f)(1) Report and Discovery Plan:

1. **Meeting**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conferred via email on March 8, 2017.

2. **Nature of the Case**

This is an employment discrimination case alleging sex discrimination, disability discrimination, and retaliation under Title VII of the civil rights act, the Equal Pay Act,

the Equal Protection clause of the 14th Amendment to the U.S. Constitution, the Americans with Disabilities act. Defendants deny that any discrimination occurred.

3. **Possibility for Prompt Resolution**

The Defendants would like to proceed with discovery at this time and may revisit the possibility of mediation or settlement.

4. **Preserving Discoverable Information**

The parties agree to make legally required and reasonable efforts to preserve discoverable information.

5. **Proposed Discovery Plan**

   a. *Initial Disclosures.* The parties agree to serve each other initial disclosures by April 10, 2017. The parties do not seek any changes in the form or requirements for disclosures under Rule 26(a) or (c).

   b. *Conduct of discovery.*

      i. **Subjects on which discovery may be needed.** The parties agree that discovery will be needed on liability and damages. The parties anticipate that discovery may include interrogatories, requests for documents, requests for admission, and depositions. The subjects of discovery shall be consistent with the material factual and legal issues stated in Paragraph 2 above.

      ii. **When discovery should be completed.** All discovery shall be served by a date sufficiently early so that all discovery in this case is completed by October 16, 2017.

iii. **Phases of discovery or limitations on the subjects of discovery.** The parties agree that discovery need not be conducted in phases and, at this time, agree that any limitations on the subjects of discovery should be governed by the Federal Rules and local rules. However, the parties also agree to the following deadlines and seek an order entering them:

1. Plaintiff shall make expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) by August 1, 2017.

2. Defendants shall make the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) by September 1, 2017.

3. The deadline for filing dispositive motions is November 1, 2017.

c. *Discovery of electronically stored information*.

　　i. <u>Whether the parties anticipate discovery of ESI in the case</u>: The parties do not anticipate extensive discovery of electronically-stored information. However, the parties agree to produce electronically-stored information to the requesting party in a commercially reasonable manner.

d. *Claims of privilege or work-product protection after production*. The parties do not anticipate any special issues related to the disclosure of discovery of privileged or work product information, although Defendants reserve the right to seek a protective order to the extent Plaintiff requests production of confidential information warranting one. The parties agree that any documents that contained privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear to have been inadvertently produced or if upon notice of the inadvertent production. The parties

agree that the recipient of inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege or work-product protection and seek a court order denying it.

e. *Changes in the limitations on discovery*. The parties agree that the timing, extent and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure, the Court's Local Rules, and in any scheduling order(s) entered by the Court, except that the parties agree that each side may serve up to 35 interrogatories, including reasonable subparts.

f. *Any other orders that should be entered under Rule 26(c) or under Rules 16(b) and (c)*. The parties do not seek any other orders to issue under Rule 26(c) or Rule 16(b) and (c) at this time, but would reserve the right to seek a protective order should the need arise in the future.

6. **Estimated Length of Trial**

The parties anticipate the trial will take no more than 3 days.

Respectfully submitted on March 10, 2017.

| For all Defendants | For Plaintiff Molly Abraham |
|---|---|
| BRAD D. SCHIMEL<br>Attorney General | |
| /s/ Anne Bensky<br>Anne Bensky, SBN 1069210<br>Mpoli N. Simwanza-Johnson,<br>SBN 1095053<br>WISCONSIN DEPARTMENT OF JUSTICE<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>Telephone: 608-264-9451<br>Telephone: 608-267-2070<br>Fax: 608-267-8906<br>Email: benskyam@doj.state.wi.us<br>Email: johnsonms@doj.state.wi.us<br><br>ATTORNEYS FOR DEFENDANTS | /s/ Brenda Lewison<br>Brenda Lewison<br>SBN: 1025079<br>Law Office of Arthur Heitzer<br>633 West Wisconsin Avenue, Ste 1410<br>Milwaukee, WI 53203<br>Telephone: 414-273-1040<br>Fax: 414-273-4859<br>Email: lewisonlaw@yahoo.com<br><br>ATTORNEYS FOR PLAINTIFF |